**DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,**

v.

**Richard A. McKENNETT, Respondent.**

**Civ. No. 10576.**

Supreme Court of North Dakota.

May 23, 1984.

Vivian E. Berg, Staff Counsel, Bismarck, for petitioner.

Dean Winkjer, of Rolfstad, Winkjer, McKennett, Kaiser, Stenehjem & Walters, Williston, for respondent.

VANDE WALLE, Justice.

This is a disciplinary proceeding brought against Richard A. McKennett, an attorney who is engaged in the practice of law at Williston, North Dakota. A hearing panel of the Disciplinary Board of the Supreme Court, following formal proceedings, entered its recommendation that McKennett be publicly reprimanded for violating Canon 7, DR 7–101(A)(2), and Canon 2, DR 2–110(A)(1) and (2), which provide:

"DR 7–101 *Representing a Client Zealously.*

"(A) A lawyer shall not intentionally:

. . . . .

"(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105."

"DR 2–110 *Withdrawal from Employment.*

"(A) In general.

"(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer may not withdraw from employment in a proceeding before that tribunal without its permission.

"(2) In any event, a lawyer may not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."

The panel expressly found that there was no evidence to support charges against McKennett for having violated Canon DR 1–102(A)(4) providing that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation or for having violated Canon 6, DR 6–101(A)(3) providing that a lawyer shall not neglect a legal matter entrusted to him.

This disciplinary action arises from a complaint filed by Dallas Lalim who employed McKennett during March 1979 to represent him in a dispute involving a lease under which Lalim paid to graze cattle and harvest hay on the lessors' land. Although the lease agreement and the dispute which arose between the parties are complex in nature, for purposes of understanding the disciplinary matter before us it is only necessary to briefly summarize the relevant facts surrounding McKennett's representation of Lalim.

During July 1979 the lessors brought an action against Lalim for payment on the lease. During July 1980 McKennett, representing Lalim, and attorney Robert Holte, representing the lessors, negotiated a settlement agreement under which Lalim agreed to pay the lessors $10,757.57 for benefits received under the lease which was then canceled. Although the stipulation was signed by the lessors on July 11, 1980, Lalim did not sign the stipulation. As a result of Lalim's failure to sign the stipulation agreement, a trial on the lessors' complaint was scheduled for April 7, 1981.

On April 6, 1981, one day prior to the scheduled trial, Lalim unequivocally told McKennett that he would not sign the July 1980 stipulation. At that time, McKennett

told Lalim that because he refused to honor the settlement agreement McKennett could not in good faith represent Lalim at the hearing scheduled for the next day. McKennett advised Lalim to appear alone at the time and place scheduled for trial and, while there, to proceed to honor the terms of the settlement agreement by making the $5,000 initial payment to the lessors as required by that agreement. McKennett then contacted the trial court and the lessors' attorney to inform them that he would not be making an appearance at the trial on Lalim's behalf because Lalim would not honor the settlement agreement.

Lalim appeared before the court on April 7, 1981, without counsel, at which time he executed a settlement agreement with the lessors which, except for an additional interest requirement, was substantially the same settlement which was agreed to during July 1980.

Lalim filed a letter of complaint with the Disciplinary Board after which an investigation was conducted by the Inquiry Committee West of the State Bar Association in accordance with the provisions of Rule 8 of the North Dakota Rules of Disciplinary Procedure. The committee recommended to the Disciplinary Board that a formal disciplinary proceeding be instituted. A formal proceeding was held before a three-member hearing panel after which the panel entered the following relevant findings and conclusions:

"... McKennett declined to appear on behalf of his client, Lalim, at the rescheduled trial and premised his refusal to appear on the basis that Lalim had not signed or complied with the agreed settlement of the litigation. . . .

. . . . .

"... the conduct of the respondent, Richard A. McKennett, constitutes a violation of Canon 2—DR2–110(A) of the code of professional responsibility in that the respondent, Richard A. McKennett, in purporting to withdraw as counsel for the complainant Lalim did not secure the permission of Lalim to withdraw as his counsel (DR2–110(A)(1)); the respondent McKennett did not take reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client Lalim or allowing time for his client to employ other counsel. (DR2–110(A)(2)). That the procedures for the withdrawal of counsel are specifically provided in Rule 11.2 Withdrawal of Attorneys, of the rules of court as adopted July 1, 1980. The actions of the respondent Richard A. McKennett in this regard did not, in any respect, comply with the provisions of Rule 11.2 of the rules of court.

"... the actions of the respondent Richard A. McKennett constitute a violation of Canon 7—DR7–101(A)(2) in that the respondent Richard A. McKennett failed to carry out a contract of employment entered into with a client for professional services, and did not follow the proper procedure for withdrawal as is permitted under DR2–110, DR5–102, and DR5–105 of the code of professional responsibility.

. . . . .

"There is no evidence to support the claim of violation of Canon 1—DR1–102(A)(4) providing that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. There being no evidence to support the claimed violation of this canon, the panel concludes it ought [to] be dismissed.

"There is no evidence to support the claimed violation of Canon 6—DR6–101(A)(3) providing that a lawyer shall not neglect a legal matter entrusted to him. There being no evidence to support this claimed violation of Canon 6, the panel concludes the same ought to be dismissed."

On the basis of its findings and conclusions, the panel entered its recommendation that McKennett be publicly reprimanded by this court.

■ We review disciplinary proceedings against attorneys de novo on the record with the standard of proof being by clear and convincing evidence. *Disciplinary Board v. Amundson*, 297 N.W.2d 433 (N.D.1980); *Matter of Maragos*, 285 N.W.2d 541 (N.D.1979).

Pursuant to Rule 11.2 of the North Dakota Rules of Court, an attorney must bring before the court a written motion to withdraw, giving reasonable notice of the time and place for presentation of the motion to his client. In addition, the Code of Professional Responsibility requires the attorney to take reasonable steps to avoid foreseeable prejudice to the rights of his client prior to the attorney's withdrawal as counsel in the case. Upon reviewing the record, we are of the opinion that McKennett's withdrawal as counsel in this case did violate Canons DR 7–101(A)(2) and DR 2–110(A) of the Code of Professional Responsibility.

Although McKennett, on the day prior to the April 7, 1981, hearing, informed Lalim as well as counsel for the opposing party and the court that he would not appear at the hearing to represent Lalim, he did not bring a written motion to withdraw as required under Rule 11.2 of the North Dakota Rules of Court. That conduct was a technical violation of the rule. Under the circumstances, McKennett's refusal to attend the hearing with Lalim constituted a withdrawal of his representation of Lalim without taking reasonable steps to avoid foreseeable prejudice to Lalim and without allowing Lalim sufficient time to secure other counsel to represent him at the hearing. Although we can understand McKennett's concern for what he believed was his client's failure to honor a previously negotiated settlement agreement, the reasonableness of his concern cannot exonerate him from affording his client the protections, relative to counsel's withdrawal, that are required by the Code of Professional Responsibility and Rule 11.2 of the North Dakota Rules of Court.

■ Perhaps the most serious charges filed against McKennett were those alleging neglect of a legal matter entrusted to him and conduct involving dishonesty, fraud, deceit, or misrepresentation. However, the hearing panel concluded that there was no evidence to support those charges. In reviewing the record of a disciplinary proceeding, we accord due weight to the findings, conclusions, and recommendations of the hearing panel, which has had an opportunity to observe the demeanor of the witnesses. See *Matter of Maragos*, 285 N.W.2d 541 (N.D.1979). Having carefully reviewed the record before us, we fully agree with the hearing panel's conclusion that the evidence does not support those charges against McKennett.

During oral argument before this court, counsel for the Disciplinary Board asserted that the hearing panel's finding that "McKennett failed to carry out a contract of employment entered into with a client for professional services ..." constituted a finding by the panel that McKennett committed wrongdoing apart from and in addition to his failure to properly withdraw as Lalim's counsel. We disagree with counsel's assertion. A fair interpretation of the panel's findings and conclusions is that McKennett's improper conduct consisted solely of his failure to make a proper withdrawal as counsel in accordance with Canon 7, DR 7–101(A)(2) and Canon 2, DR 2–110(A).

■ Having considered the recommendation of the hearing panel and having carefully reviewed the record before us, we conclude that McKennett's conduct in failing to effect a proper withdrawal as counsel in his representation of Lalim constituted grounds for a private rather than a public reprimand. Private reprimands are considered less severe than public reprimands and are issued by the Disciplinary Board, subject to review by this court of the board's decision to issue a private reprimand. Rule 10(k), N.D.R.D.P. Were it possible at this stage of the proceedings to issue only a private reprimand that is what we would do in this case. But as that is impossible, we issue this opinion as the least we may do under these circumstances. Accordingly, this opinion shall serve as the reprimand to McKennett.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.